FRED H. BAUERMEISTER AND DOROTHY L. BAUERMEISTER, HUSBAND AND WIFE, AND ROBERT A. BAUERMEISTER, INDIVIDUALLY, APPELLEES AND CROSS-APPELLANTS, V. TIMOTHY J. MCREYNOLDS, APPELLANT AND CROSS-APPELLEE, RONALD B. ROOTS AND RESOURCE RECYCLING, INC., APPELLEES AND CROSS-APPELLEES, AND RICHARD P. DEAVER AND CLARA E. DEAVER, HUSBAND AND WIFE, APPELLEES.
575 N.W. 2d 354

Filed March 6, 1998. No. S-94-1088.

William Jay Riley, of Fitzgerald, Schorr, Barmettler & Brennan, P.C., for appellant.

Charles H. Wagner, of Edstrom, Bromm, Lindahl, Wagner & Miller, for appellees Bauermeister.

Steven E. Achelpohl for appellee Roots.

John C. Wieland and Monica Green Kruger, of Raynor, Rensch & Pfeiffer, for appellee Resource Recycling.

CAPORALE, CONNOLLY, GERRARD, STEPHAN, and MCCORMACK, JJ.

PER CURIAM.

This case is before the court on the motion for rehearing of the appellees and cross-appellants, asserting, among other things, that although our opinion reported at *Bauermeister v. McReynolds*, 253 Neb. 554, 571 N.W.2d 79 (1997), correctly states the standard of proof applicable to an equitable rescission action based on fraud, undue influence, misrepresentation, or business coercion, that rule does not apply when such an action involves a fiduciary or confidential relationship such as exists between an attorney and the attorney's clients.

There is no question that the relationship between an attorney and client is one of the highest trust and confidence such as to require the attorney to observe the utmost good faith and not to allow the attorney's private interests to conflict with those of the client. *James v. McNair*, 164 Neb. 1, 81 N.W.2d 813 (1957). *Hamilton v. Allen*, 86 Neb. 401, 125 N.W. 610 (1910), was a suit in equity for an accounting to recover from the defendant attorneys profits they had made through the purchase of real estate from their clients. In determining that the attorneys had to account for the profits, we wrote that it was their burden to show by clear and convincing proof that no advantage was taken of the clients, that everything was explained to them, and that the price was fair and reasonable.

As explained in *Rettinger v. Pierpont*, 145 Neb. 161, 15 N.W.2d 393 (1944), a stockholders' derivative suit on behalf of a corporation, where a fiduciary or confidential relationship exists between the parties to a transaction, the burden of proof is upon the party holding the fiduciary or confidential relationship to establish the fairness, adequacy, and equity of the transaction. This rule rests on the premise that it is the duty of the fiduciary to fully inform the other party of all the facts relating to the subject matter of the transaction which come to the knowledge of the fiduciary and which are material for the other party to know for the protection of that party's interests. While fraud cannot be presumed or inferred without proof in a court of equity any more than in a court of law, courts of equity are not restricted by the same rules as courts of law in the investigation of fraud and in the evidence and proofs required to establish it. Nonetheless, the proof must be sufficient to overcome the natu-

ral presumption of honesty and correct motivation and cannot be based on guess or conjecture. Moreover, it is the burden of the party claiming the benefit of the relationship to establish its fiduciary or confidential nature or any unequal footing. See, also, *Evans v. Engelhardt*, 246 Neb. 323, 518 N.W.2d 648 (1994).

Finding merit in the assertion that we recited an incorrect standard of proof, and that assertion only, we overrule the motion for rehearing but substitute for the present first two sentences, the second of which consists of citations, under the heading "EQUITABLE RESCISSION" found at 253 Neb. at 566, 571 N.W.2d at 88, the following:

> In an equitable rescission action brought by a client against an attorney representing him or her in the transaction giving rise thereto, the burden is upon the attorney to show by clear and convincing evidence that no advantage was taken of the client and that the transaction was fair and reasonable. *Hamilton v. Allen*, 86 Neb. 401, 125 N.W. 610 (1910). See, also, *Evans v. Engelhardt*, 246 Neb. 323, 518 N.W.2d 648 (1994); *Rettinger v. Pierpont*, 145 Neb. 161, 15 N.W.2d 393 (1944).

The remainder of the paragraph shall continue beginning with "In its order" and ending with "(1996)."

FORMER OPINION MODIFIED.
MOTION FOR REHEARING OVERRULED.

WHITE, C.J., and WRIGHT, J., not participating.